United States District Court
Southern District of Texas
**ENTERED**
January 09, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DANNY ALLEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-00225 |
| | § | |
| MICHAEL CROW, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Before the Court is Magistrate Judge Jason Libby's Memorandum and Recommendation ("M&R"). (D.E. 70). The M&R recommends that the Court dismiss Plaintiff's remaining claims for want of prosecution due to her failure to identify and serve Lt. Jane Doe in a timely fashion. *Id.* at 4.

After review, the Court **OVERRULES** Plaintiff's objections, (D.E. 76), and **ADOPTS in whole** the findings and conclusions of the M&R, (D.E. 70).

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A party must point out with particularity any alleged errors in the magistrate judge's analysis. *Pelko v. Perales*, No. 23-CV-00339, 2024 WL 1972896, at *1 (S.D. Tex. May 3, 2024) (Ramos, J.). Objections that merely re-urge arguments contained in the original briefing are not proper and will not be considered. *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993). Moreover, "[f]rivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by*

*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1416 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

Since the M&R was docketed, Plaintiff has filed numerous documents. (D.E. 72); (D.E. 73); (D.E. 74); (D.E. 76). The documents neither describe with specificity any error in the M&R's analysis, nor remedy the problem identified by the M&R. *See generally* (D.E. 72); (D.E. 73); (D.E. 74); (D.E. 76). To date, Plaintiff has been unable to identify Lt. Jane Doe, despite receiving extensive assistance from the Court, as detailed in the M&R. (D.E. 70, p. 1–4). Accordingly, the Court **OVERRULES** Plaintiff's objections and **ADOPTS in whole** the findings and conclusions of the M&R, (D.E. 70). The Court **DISMISSES** Plaintiff's claims against Lt. Jane Doe **without prejudice** for want of prosecution. At such time as Plaintiff can identify and properly serve Lt. Jane Doe, she may re-file her claims. The Court will enter final judgment separately.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
January 9th, 2026